JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David Ford

## DEFENDANTS

Stillwater Property & Casualty Insurance Company

**(b)** County of Residence of First Listed Plaintiff    Hartford, Connecticut
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Duval, Florida
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro-Se Plaintiff

Attorneys *(If Known)*
WHITE AND WILLIAMS, LLP
9 West Broad Street, Suite 710
Stamford. Connecticut 06902

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332

Brief description of cause:
DIVERSITY - INSURANCE CONTRACT

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    May 8, 2026

SIGNATURE OF ATTORNEY OF RECORD    /s/ Peter R. Meggers

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DAVID FORD, | Case No. |
| Plaintiff, | |
| v. | |
| STILLWATER PROPERTY & CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a), the Defendant, Stillwater Property & Casualty Insurance Company ("Stillwater"), files this Notice of Removal and respectfully states to this Honorable Court as follows:

1.       Defendant, Stillwater, hereby exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this action from the State of Connecticut Superior Court, Judicial District of Litchfield, in which it is now pending, to the United States District Court for the District of Connecticut, because as set forth herein, this is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between citizens of different states.

**TIMELINESS OF REMOVAL**

2.       The Plaintiff initiated this Action by serving a Summons and Complaint on the Insurance Commissioner of the State of Connecticut on April 24, 2026. See Return of Service, attached hereto as Exhibit A.

3.       A separate acknowledgement form signed by the Insurance Commissioner reflects service on the Insurance Commissioner on April 22, 2026 at 9:06 am. See Acknowledgment Form,

51857543v.2

attached hereto as Exhibit B.

4.      Thereafter, the Plaintiff filed a Complaint captioned, <u>David Ford vs. Stillwater Property & Casualty Insurance Company</u>, on April 27, 2026.  <u>See</u> Complaint, attached hereto as Exhibit C.

5.      On April 30, 2026, the Plaintiff filed an Amended Complaint captioned, <u>David Ford vs. Stillwater Property & Casualty Insurance Company</u>, Docket No.: LLI CV 265018110-S (hereinafter, "the State Court Action"), pending in the State of Connecticut Superior Court, Judicial District of Litchfield, (hereinafter the "State Court").  <u>See</u> Amended Complaint, attached hereto as Exhibit D.

6.      On April 30, 2026, Plaintiff served via e-mail a copy of the filed Amended Complaint (Entry No. 102.00) and Motion to Compel Appraisal (Entry No. 103.00).  <u>See</u> April 30, 2026, Email from Plaintiff, attached hereto as Exhibit E.

<b><u>TIMELINESS OF REMOVAL</u></b>

7.      This Notice of Removal is timely as it was filed within 30 days of service of the Complaint.  <u>See</u> 28 U.S.C. § 1446(b).

8.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon the Pro-Se Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of clerk of the State Court.

<b><u>DIVERSE CITIZENSHIP OF PARTIES</u></b>

9.      Upon information and belief, Plaintiff, David Ford, is and at the time of the commencement of this action was, an individual residing in Avon, Connecticut and is a citizen of Connecticut.

10.     Defendant, Stillwater is a corporation registered in New York with its principal

- 2 -

51857543v.2

place of business in Florida.

11.    Thus, the parties are citizens of different states and complete diversity of citizenship exists.

12.    Accordingly, diversity jurisdiction existed at the time that the Plaintiff filed the State Court Action and diversity jurisdiction continues to exist.

13.    Because this is a civil action of which the district courts of the United States have original jurisdiction, the case may be removed to this Court pursuant to 28 U.S.C. § 1441.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14.    In the Amended Complaint, the Plaintiff seeks declaratory relief, equitable relief and damages allegedly arising from Stillwater's conduct, which affected Plaintiff's alleged secured interest in the Property.  See Exhibit D, at ¶ 3.

15.    Upon information and belief, on February 24, 2026, Plaintiff provided Stillwater with an estimate totaling $60,150 for which Plaintiff claims Stillwater is responsible for paying.

16.    Upon information and belief, on April 23, 2026, Plaintiff sent a letter to Stillwater and undersigned counsel stating that the subject property requires approximately 30 solar panels to be removed and reinstalled at the cost of approximately $400.00 to $500.00 per solar panel for which Plaintiff claims Stillwater is responsible for paying.

17.    Plaintiff's Amended Complaint (Entry No. 102.00) seeks, among other things, compensatory damages, reimbursement for additional living expenses, and punitive damages. Plaintiff's Amended Complaints asserts claims sounding in bad faith, violation of the Connecticut Unfair Trade Practices Act and violation of the Connecticut Unfair Insurance Practices Act.

18.    Thus, according to Plaintiff's Amended Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

51857543v.2

19.     Stillwater acknowledges the allegations of the Amended Complaint solely for purposes of establishing the amount in controversy under 28 U.S.C. § 1332, and on that limited basis accepts that the amount claimed exceeds the jurisdictional threshold.  Stillwater expressly denies, however, that Plaintiff is entitled to recover the damages alleged, or any damages whatsoever, and reserves all defenses with respect to liability and the measure of damages.

**CONCLUSION**

20.     As such, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1441 and 1446, because there is diversity of citizenship and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

21.     Venue is appropriate in this Court since Jurisdiction of this Court includes the State of Connecticut Superior Court, Judicial District of Litchfield, where the action is pending.

22.     Pursuant to 28 U.S.C. § 1446(a), Stillwater has attached herewith a copy of the Complaint and Amended Complaint filed in the State of Connecticut Superior Court, Judicial District of Litchfield.  See Exhibits C and D.

23.     Stillwater will file a certified copy of this Notice of Removal with the Clerk of the State of Connecticut Superior Court, Judicial District of Litchfield, as required by 28 U.S.C. § 1446(d) once a time-stamped copy of the Notice of Removal is received.

**WHEREFORE**, the Defendant, Stillwater, respectfully requests that this action now pending in the State of Connecticut, Superior Court, Judicial District of Litchfield, be removed to the United States District Court for the District of Connecticut as an action properly removable thereto and seeks general relief.

- 4 -

51857543v.2

- 5 -

Respectfully submitted,

Defendant,

STILLWATER PROPERTY & CASUALTY
INSURANCE COMPANY

By counsel,

*/s/ Peter Meggers*

Peter R. Meggers, Bar No. ct29221

**WHITE AND WILLIAMS LLP**
9 West Broad Street, Suite 710
Stamford, Connecticut 06902
meggersp@whiteandwilliams.com
Phone: 475.977.8300

Dated: May 8, 2026

- 5 -

51857543v.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

DAVID FORD,

        Plaintiff,

v.

STILLWATER PROPERTY & CASUALTY
INSURANCE COMPANY,

        Defendant.

Case No.

**CERTIFICATE OF SERVICE**

I, Peter Meggers, certify that a true and correct copy of the foregoing document was filed

through the ECF system and served electronically to all registered participants as identified on the

Notice of Electronic Filing on this 8th day of May, 2026, as well as in the manner indicated below:

**VIA EMAIL & USPS**
David Ford
34 Valley View Drive
Avon, CT 06001
860-918-2772
Dford45sky@hotmail.com
Plaintiff Pro-Se

**WHITE AND WILLIAMS LLP**

/s/ Peter R. Meggers
Peter R. Meggers

51857543v.2